Filed 11/5/25  P. v. Manzano CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JUAN M. MANZANO, <br><br> Defendant and Appellant. | F088627 <br><br> (Super. Ct. No. VCF445954) <br><br><br> OPINION |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Sarah E. Coppin, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Snauffer, J. and Fain, J.[†]

[†] Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Defendant Juan M. Manzano was convicted of felony vandalism with damage over $400 (Pen. Code, § 594, subd. (a)),**1** carrying a concealed dirk or dagger (§ 21310), simple assault (§ 240), and misdemeanor resisting a peace officer (§ 148, subd. (a)(1). Appointed counsel for defendant asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a letter stating any grounds on appeal within 30 days of the date of filing of the opening brief. Defendant did not file a letter. He has identified no basis for relief, nor have we. We affirm.

## PROCEDURAL SUMMARY

On November 15, 2023, the Tulare County District Attorney filed an information charging defendant with felony vandalism with damage over $400 (§ 594, subd. (a); count 1); carrying a concealed dirk or dagger (§ 21310; count 2); misdemeanor battery (§ 242; count 3); and two counts of misdemeanor resisting a peace officer (§ 148, subd. (a)(1); counts 4 & 5). As to counts 1 and 2, it was further alleged defendant committed the offenses while released from custody on bail or own recognizance, pursuant to section 12022.1.

On January 12, 2024, a jury found defendant guilty of counts 1, 2, and 4. As to count 3, it found defendant guilty of the lesser included offense of simple assault (§ 240). As to count 5, the jury found defendant not guilty. As to the section 12022.1 enhancement, defendant waived his right to a jury trial. The court found true the section 12022.1 enhancement.

On August 9, 2024, the trial court sentenced defendant to a total term of two years, as follows: on count 1, two years (the midterm); on count 2, two years (the midterm), concurrent, to be served in county jail pursuant to section 1170, subdivision (h)(5)(A). No jail time was imposed for counts 3 and 4. Defendant was given 673 days of credit on

---

**1** All further undesignated statutory references are to the Penal Code.

count 1, plus 673 days of credit on count 2. The court ordered defendant to pay restitution in the amount of $1,000, as well as fees and fines.

On September 10, 2024, defendant filed a timely notice of appeal.

## FACTUAL SUMMARY

On September 8, 2023, defendant called a law office and spoke to a paralegal, stating, " 'You mother[*******] need to do your mother[*******] job.' " The paralegal told defendant to calm down. Defendant responded, " 'F[***] that. I'm gonna show up then, you b[****],' " and hung up.

Later that day, defendant arrived at the law office and started throwing and smashing files, computers, and other items, hitting an employee in the leg with a computer monitor. The paralegal tried to call 911 but defendant grabbed the phone from his hand, so two other employees called 911. Defendant started to leave the office but reentered and threw chairs through the windows and threw a laptop into the wall. He then left the office and stood outside the front entrance.

Police officers arrived and told defendant to put his hands behind his back, but he refused and grabbed onto the gate in front of the office. The officers told him he would be tased if he did not let go of the gate. He did not let go, so the officers tased him and he fell to the ground. The officers searched him and found he was carrying a knife.

The cost of repairs and replacements to the damaged law office equipment and building was $2,993.63.

## DISCUSSION

### *Wende* Review

As noted above, defendant's appellate counsel filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, asserting she could not identify any arguable issues in this case. After defendant's appellate counsel filed the *Wende* brief, by letter dated August 13, 2025, we invited defendant to inform this court of any issues he wished addressed.

3.

Defendant did not respond to our letter. Upon review of the record, we have identified no basis for relief.

After a thorough review of the record, we agree with defendant's appellate counsel there are no arguable issues in this case. There is nothing in this record to suggest any error occurred.

## **<u>DISPOSITION</u>**

The judgment is affirmed.